Mathew K. Higbee, Esq.
Michigan State Bar No. P37980
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile

*Attorney for Plaintiff,*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO. INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GOODIES FACTORY, INC. d/b/a www.thegoodiesfactory.com; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 1:19-cv-933 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR BENCH TRIAL** |

Plaintiff, Adlife Marketing & Communications Co., Inc. ("Adlife" or "Plaintiff"), complains against The Goodies Factory, Inc. d/b/a www.thegoodiesfactory.com, and DOES 1 through 10, inclusive (collectively "Goodies Factory" or "Defendant") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et*

*seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of Michigan, Defendant's acts of infringement complained of herein occurred in the State of Michigan, and Defendant caused injury to Plaintiff within the State of Michigan.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Adlife Marketing & Communications Co. Inc. ("Adlife") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Goodies Factory ("Defendant") is a corporation duly organized and existing under the laws of the State of Michigan with a principle place of business at 1038 South Washington, Holland, Michigan 49423.

7. On information and belief, Defendant is the owner and operator of the website www.goodiesfactory.com ("Defendant's Website") which generates

revenue by driving online sales and providing training and products for fundraising campaigns.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

9. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

10. Adlife is an advertising and marketing agency whose team of seasoned professionals has, for decades, provided elite branding services to its clientele. With its innovative marketing campaigns and its production of high quality printed pieces such as retail circulars, signage, pamphlets and more, Adlife enables its clients to build a brand through compelling visual arrangements.

11. For decades, Adlife has created, artistically arranged and professionally

produced a library of still images of food and other grocery items. Adlife's library now consists of approximately 30,000 photos. The photographs are high-resolution, artistically rendered with pleasing angles and selective lighting, color-corrected and color-separated, which makes them particularly valuable as, when used together, they provide color consistency.

12. For valuable consideration, Adlife has licensed the rights to reproduce, distribute and publicly display its copyrighted photographs, or derivative versions thereof, to other advertising agencies and retailers.

13. Adlife is the holder of all rights, title and interests in and to the photo at issue in this dispute: a photograph of delicious looking sugar cookies (the "Sugar Cookie Photograph"). A true and correct copy of the Sugar Cookie Photograph is attached hereto as Exhibit A.

14. Adlife has registered the Sugar Cookie Photograph with the United States Copyright Office, and the registration has been accepted and registration certificate issued to Adlife under number VA 2-014-127.

15. On or about May 23, 2019, Adlife discovered that its Sugar Cookie Photograph was being used on Defendant's Website on a page selling sugar cookie cookie dough ("Infringing Commercial Webpage"). Attached hereto as Exhibit B is a true and correct copy of the Infringing Commercial Webpage featured on Defendant's Website showing Defendants' infringing use of Adlife's Sugar Cookie Photo.

16. Defendant also uploaded a copy of the Sugar Cookie Photograph to

https://www.thegoodiesfactory.com/wp-content/uploads/2019/01/Sugar-Cookie.jpg ("Infringing Photograph in Website Media Library)". This page is publicly viewable and allows anyone with internet access to download the Sugar Cookie Photograph. A true and correct copy of the Infringing Photograph in Website Media Library is attached hereto as Exhibit C.

17.     Defendant's Website runs on the Wordpress platform, as evidenced by the "wp-content/" in the URL. Defendant is using a default Wordpress photograph upload organization scheme as shown by the "/uploads/2019/01/" in the URL. This URL definitively states that Defendant uploaded and started using this image in January 2019 and that it was in fact uploaded to the Website's media library.

18.     Adlife had/has no record of Defendant purchasing a license to use the Sugar Cookie Photograph, and never authorized Defendant to use the Sugar Cookie Photograph in any manner.

19.     On information and belief, Defendant knew it did not have permission to use the Sugar Cookie Photograph because Defendant used the photo without a license.

20.     Counsel for Defendant has contacted Defendant repeatedly to attempt to protect its copyright and to attempt to reason with Defendant to remove the Sugar Cookie Photograph.

21.     Furthermore, after months of contacts and hours spent attempting to convince Defendant to take the Sugar Cookie Photograph down from public

display, Defendant has not done so. On October 21, 2019, the Infringing Photograph in Website Media Library has still not been removed and is still posted online. A true and correct screenshot of the Infringing Photograph in Website Media Library from October 21, 2019, taken in Google Chrome Incognito mode, is attached hereto as Exhibit D.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Sugar Cookie Photograph.

24. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Sugar Cookie Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Sugar Cookie Photograph of the Plaintiff without Plaintiff's consent or authority, and using the Image on Defendant's Website on both a product page and by posting it to make it publicly available in the Website's media library.

25. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. §

504(c).

26. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

27. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction forcing the Defendant to immediately delete the Sugar Cookie Photograph from its Website and any Website backups pursuant to 17 U.S.C. § 502; and

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: November 5, 2019									Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Michigan State Bar No. P37980
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*

## **DEMAND FOR BENCH TRIAL**

Plaintiff, Adlife Marketing & Communications Co. Inc. hereby demands a bench trial in the above matter.

Dated: November 5, 2019                                   Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Michigan State Bar No. P37980
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*