## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO. INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GOODIES FACTORY, INC. d/b/a www.thegoodiesfactory.com; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 1:19-cv-933 <br><br><br> Hon. Paul L. Maloney <br><br> Magistrate Judge Ray Kent |

| | |
|---|---|
| HIGBEE & ASSOCIATES <br> Attorney for Plaintiff <br> By: Matthew K. Higbee (P73980) <br> 1504 Brookhollow Drive, Suite 112 <br> Santa Ana, California 92705 <br> (714) 617-8350 <br> mhigbee@higbeeassociates.com | WARNER NORCROSS + JUDD LLP <br> Attorney for Defendants <br> By: Brian D. Wassom (P60381) <br> 45000 River Ridge Drive, Suite 300 <br> Clinton Township, Michigan 48038 <br> (248) 784-5039 <br> bwassom@wnj.com |

## MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

The Goodies Factory, Inc., d/b/a www.thegoodiesfactory.com ("Goodies"), by and through its attorneys Warner Norcross + Judd LLP, moves this court to award it attorneys' fees and costs pursuant to 17 U.S.C. § 505. In support of its motion, Goodies states as follows:

1.  On November 5, 2019, Adlife Marketing & Communications Co. Inc. ("Adlife") filed a complaint against Goodies, alleging that Goodies infringed upon

Adlife's copyrighted Sugar Cookie Photograph in violation of Title 17 of the United States Code. *See* ECF No. 1.

2. Before filing suit against Goodies, Adlife neglected to verify whether Goodies had a license over the Sugar Cookie Photograph.

3. After receiving notice of Adlife's complaint, Goodies sent Adlife proof of its October 19, 2009 license agreement (**Ex. A**) with iStockphoto LP for the Sugar Cookie Photograph at issue.

4. On November 20, 2019, pursuant to Fed. R. Civ. P 41(a)(1)(A), Adlife voluntarily dismissed with prejudice its action against Goodies. *See* ECF No. 8.

5. The attorneys' fees incurred by Goodies were sustained as a result of Adlife's frivolous and objectively unreasonable allegations.

For the reasons set forth in the accompanying brief, Goodies requests that this Court enter an award of attorneys' fees in the amount of $2,411.50. Pursuant to Local Rule 7.1(d), Goodies' counsel sought concurrence from Adlife's counsel in the relief sought in this Motion and concurrence was denied.

Dated: December 4, 2019           WARNER NORCROSS + JUDD LLP

                                     By: */s/Brian D. Wassom*
                                             Brian D. Wassom (P60381)
                                             *Attorney for Defendants*
                                             45000 River Ridge Drive, Suite 300
                                             Clinton Township, Michigan 48038
                                             (248) 784-5199
                                             bwassom@wnj.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO. INC., | Case No. 1:19-cv-933 |
| Plaintiff, | |
| v. | Hon. Paul L. Maloney |
| THE GOODIES FACTORY, INC. d/b/a www.thegoodiesfactory.com; and DOES 1 through 10 inclusive, | Magistrate Judge Ray Kent |
| Defendants. | |

| | |
|---|---|
| HIGBEE & ASSOCIATES<br>Attorney for Plaintiff<br>By: Matthew K. Higbee (P73980)<br>1504 Brookhollow Drive, Suite 112<br>Santa Ana, California 92705<br>(714) 617-8350<br>mhigbee@higbeeassociates.com | WARNER NORCROSS + JUDD LLP<br>Attorney for Defendants<br>By: Brian D. Wassom (P60381)<br>45000 River Ridge Drive, Suite 300<br>Clinton Township, Michigan 48038<br>(248) 784-5039<br>bwassom@wnj.com |

**BRIEF IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

STATEMENT OF ISSUES PRESENTED........................................................ iii

CONTROLLING AUTHORITY ....................................................................... iv

INTRODUCTION ............................................................................................... 1

ARGUMENT ........................................................................................................ 1

> **I. Goodies is a prevailing party within the meaning of 17 U.S.C. § 505, and is thereby entitled to attorneys' fees.**
>
> **II. This Court should also use the multifactor standard set forth in *Fogerty* to find that Adlife's copyright infringement action against Goodies was objectively unreasonable, thereby entitling Goodies to attorneys' fees.**

CONCLUSION ..................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bridgeport Music, Inc v London Music, UK,* 226 Fed Appx 491
(6th Cir. 2007).................................................................................................3

*Bridgeport Music, Inc. v. WB Music Corp.*, 520 F. 3d 588 (6th Cir. 2008)..............5

*Buckhannon Bd and Care Home, Inc v West Virginia Dep't of Health and
Human Resources*, 532 U.S. 598 (2001)..................................................................2

*Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005)................................................3

*Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)...........................................................5

*Highway Equipment Co v. FECO, Ltd.*, 469 F.3d 1027, 1035
(Fed. Cir. 2006)........................................................................................................3

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016).......................5

**Statutes**

17 U.S.C. § 505........................................................................................................1

**Rules**

Fed. R. Civ. P 41(a).................................................................................................1

## STATEMENT OF ISSUE PRESENTED

Should this Court grant Goodies its attorneys' fees when Plaintiff Adlife voluntarily dismissed with prejudice its action against Goodies, thereby making Goodies a prevailing party within the meaning of 17 U.S.C. § 505.

## MOST RELEVANT AUTHORITIES

*Bridgeport Music, Inc v London Music, UK,* 226 Fed Appx 491 (6th Cir. 2007).

*Bridgeport Music, Inc. v. WB Music Corp*., 520 F. 3d 588 (6th Cir. 2008).

*Buckhannon Bd and Care Home, Inc v West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001).

*Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005).

*Fogerty v. Fantasy Inc*., 510 U.S. 517 (1994).

*Highway Equipment Co v. FECO, Ltd*., 469 F.3d 1027, 1035 (Fed. Cir. 2006).

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016).

17 U.S.C. § 505

Fed. R. Civ. P 41(a).

# INTRODUCTION

This modest reimbursement request provides the Court an excellent vehicle for deterring the mindless barrage of "gotcha" copyright infringement litigation that has swamped federal courts across the country, while simultaneously upholding the principles on which the Copyright Act is based. Plaintiffs like this one—whose only relevant interest is that it *owns a photo of a sugar cookie*—should not be so quick to resort to federal litigation that they rush to sue every website on which the photo appears without even verifying with their former licensing company whether the defendant properly licensed the photo—as this Defendant had.

This fee motion arises after Adlife Marketing & Communications Co. Inc. ("Adlife") filed a frivolous suit against the Goodies Factory, Inc., d/b/a www.thegoodiesfactory.com ("Goodies"). On November 5, 2019, Adlife filed a complaint against Goodies, alleging that Goodies infringed upon Adlife's copyrighted Sugar Cookie Photograph in violation of Title 17 of the United States Code. *See* ECF No. 1. Before filing suit against Goodies, Adlife neglected to verify whether Goodies had a license over the Sugar Cookie Photograph. Goodies subsequently sent Adlife proof of its October 19, 2009 license agreement (**Ex. A**) with iStockphoto LP for the Sugar Cookie Photograph at issue. On November 20, 2019, pursuant to Fed. R. Civ. P 41(a)(1)(A)(i), Adlife voluntarily dismissed with prejudice its action against Goodies. *See* ECF No. 8. During the course of this

litigation, Goodies was billed for 4.8 hours of legal services. A reasonable attorney fee incurred in this matter is $2,411.50.[1]

## ARGUMENT

### I. Goodies is a prevailing party within the meaning of 17 U.S.C. § 505, and is thereby entitled to attorneys' fees.

After realizing that it had failed to perform its due diligence before filing suit against Goodies, Adlife voluntarily dismissed with prejudice its copyright infringement action against Goodies. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs against any party . . . [and] award a reasonable attorney's fee to the prevailing party as part of the costs."

The United States Supreme Court held in *Buckhannon Bd and Care Home, Inc v West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001), that to be eligible for a fee award in the absence of a judgment on the merits, a party must have obtained a judicial imprimatur on the defendant's change in conduct, which creates a material alteration of the legal relationship of the parties. This Court should find that Adlife's voluntary dismissal with prejudice has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties.

---

[1] Goodies has not been charged for the preparation of this motion.

2

That principle was established in *Highway Equipment Co v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006), and *Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005). In *Highway Equipment*, the Federal Circuit Court concluded that as a matter of patent law, voluntary dismissal with prejudice has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties. 469 F.3d at 1035. In *Claiborne*, the Seventh Circuit Court of Appeals held that a voluntary dismissal with prejudice meets the *Buckhannon* test, reasoning that such disposition "effects a material alteration of [the] legal relationship with the other parties, because it terminates any claims [the plaintiff] may have had against [the defendants] arising out of this set of operative facts." 414 F.3d at 719. This Court should similarly find that Adlife's voluntary dismissal with prejudice has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties.

In compliance with its duty of candor to the Court, Goodies notes that—in an unpublished, nonprecedential opinion—a Sixth Circuit panel equivocated over whether a dismissal made the defendant a prevailing party, and ultimately upheld a district court's discretionary decision not to award fees. See *Bridgeport Music, Inc v London Music, UK*, 226 Fed Appx 491 (6th Cir. 2007). Our case, however, is distinguishable. In *Bridgeport*, the Sixth Circuit declined to resolve the question of whether a plaintiff's voluntary dismissal with prejudice makes the defendant a

3

prevailing party for the purposes of an award of attorneys' fees. Instead, the Court stated, "even if the defendants were found to be prevailing parties in this matter, . . . fees are awarded to prevailing parties under the Copyright Act only as a matter of the court's discretion. There is no clear precedent . . . as to whether a plaintiff's voluntary dismissal with prejudice, motivated by pure practicality rather than by any merit in the defendant's position, makes the defendant a 'prevailing party' for purposes of an award of costs." *Id.*

Contrary to the *Bridgeport Music* plaintiff's dismissal, which the court found was motivated by pure practicality rather than by any merit in the defendant's position, Adlife's voluntary dismissal with prejudice was motived by Goodies' rock-solid defense—the existence of Goodies' valid license over the photograph that Adlife claimed Goodies had infringed. Immediately after Goodies provided Adlife with proof of its license agreement with iStockphoto LP for the Sugar Cookie Photograph at issue, Adlife voluntarily dismissed with prejudice its action against Goodies. This makes clear that Goodies' defense was the motivating factor behind Adlife's action—resulting in a *with-prejudice* dismissal that legally prevents Adlife from revisiting the dismissed claims.

**II.   This Court should also use the multifactor standard set forth in *Fogerty* to find that Adlife's copyright infringement action against Goodies was objectively unreasonable, thereby entitling Goodies to attorneys' fees.**

"The grant of fees and costs is the rule rather than the exception and [they] should be awarded routinely." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F. 3d 588 (6th Cir. 2008). The multifactor standard set forth by the United States Supreme Court in *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)—which includes nonexclusive factors such as frivolousness, motivation, objective unreasonableness and the need in particular circumstances to advance considerations of compensation and deterrence—governs attorney-fee determinations under the Copyright Act. The Supreme Court recently clarified the *Fogerty* test to make clear that, while all of the factors continue to be relevant, a district court should "giv[e] substantial weight to the objective (un)reasonableness of a losing party's litigating position," *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016), because this approach reinforces the purposes for which the Copyright Act was adopted:

> The objective-reasonableness approach ... both encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation. When a litigant — whether plaintiff or defendant — is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end. ... *[A] person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorney's fees in a protracted suit might be as or more costly than a settlement.* Conversely, when a person (again, whether plaintiff or defendant) has an unreasonable litigating position, the likelihood that he will have to pay two sets of

5

> fees discourages legal action. The copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment); and the infringer with no reasonable defense has every reason to give in quickly, before each side's litigation costs mount. All of *those results promote the Copyright Act's purposes, by enhancing the probability that both creators and users (i.e., potential plaintiffs and defendants) will enjoy the substantive rights the statute provides.*

*Id*. at 1986-87 (emphasis added).

Here, awarding Goodies its modest attorneys' fees will reinforce the purposes of the Copyright Act. Adlife's position was patently meritless, as demonstrated by its immediate dismissal upon learning of Goodies' license. Before filing suit against Goodies, Adlife neglected to verify whether Goodies had a license over the Sugar Cookie Photograph at issue. While Adlife did send Goodies pre-suit correspondence, Goodies is in the business of making cookies, not parsing copyright law; it believed in good faith that the request was part of a scam, and did not respond. This should not prevent Goodies from an attorneys' fees award, as it is not Goodies' duty to perform Adlife's due diligence. If Adlife had performed due diligence by, for example, *checking with the company through which it had previously licensed the photo*, it would have discovered Goodies' valid license over the Sugar Cookie Photograph. Because Adlife failed to make sufficient effort to validate its claims before filing them, Adlife subjected Goodies to a frivolous, objectively unreasonable action. By ordering Adlife to pay Goodies its reasonable attorneys' fees, this Court has the opportunity to reduce Adlife's incentive to bring meritless suits in the future.

6

## CONCLUSION

For the reasons stated above, Goodies respectfully requests that this Court grant Goodies attorneys' fees in the amount of $2,411.50.

Dated: December 4, 2019            WARNER NORCROSS + JUDD LLP

By: /s/ Brian D. Wassom
    Brian D. Wassom (P60381)
    *Attorney for Defendants*
    45000 River Ridge Drive, Suite 300
    Clinton Township, Michigan 48038
    (248) 784-5199
    bwassom@wnj.com

## CERTIFICATE OF SERVICE

I hereby state that on December 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. All parties and counsel of record will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system.

By: */s/ Brian D. Wassom*
    Brian D. Wassom