## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ADLIFE MARKETING &
COMMUNICATIONS CO. INC.,

                Plaintiff,

v.

THE GOODIES FACTORY, INC.
d/b/a www.thegoodiesfactory.com; and
DOES 1 through 10 inclusive,

                Defendants.

Case No. 1:19-cv-933

Hon. Paul L. Maloney

Magistrate Judge Ray Kent

---

## DECLARATION OF BRIAN D. WASSOM, ESQ.
## REGARDING COSTS AND FEES

I, Brian D. Wassom, Esq., hereby declare, upon penalty of perjury, that the following is true and correct to the best of my knowledge and belief:

1.      I am a Michigan resident. I have first-hand knowledge of the facts stated herein and am competent to testify to them if called to do so. I am a partner in the law firm Warner Norcross + Judd LLP, which represents the Goodies Factory, Inc., d/b/a www.thegoodiesfactory.com ("Goodies"), in the above-captioned matter, and I have appeared in the matter before this Honorable Court.

**Costs and Fees**

2.      I have caused my firm's billing records relating to the above-captioned matter to be searched and compiled. That calculation of Warner's fees in this matter is attached as **Ex 1** hereto.

3.      As indicated in **Ex 1** hereto, Goodies has incurred $2,411.50 in attorneys' fees in connection with defending the above-captioned copyright infringement action against Plaintiff Adlife Marketing and Communications Company, Inc. ("Adlife"), from its inception through December 2, 2019.

**Professional Experience**

4.      To assist the Court in determining a reasonable rate for the purposes of the award requested in this case, I will describe my relevant professional experience and accomplishments. I will also briefly describe Scott Keller's relevant professional experience, as he also worked on this matter.

5.      My hourly rate on this matter is $445.  I believe that this rate is fair and reasonable in light of my understanding of the prevailing rates for comparable services and my professional experience in the Metro Detroit market.   This conclusion is consistent with the findings of the American IP Law Association's (AIPLA) 2019 Report of its Economic Survey, which found (for the calendar year 2018) the median hourly rate for IP attorneys with 15-24 years of experience to be

$448, and the rate for the third quartile (75%) of IP attorneys within this geographic region to be $650 (with the 90th percentile charging $750). **Ex 2.**

6.     A copy of my current professional biography (which is available at http://www.wnj.com/Professionals/Attorneys/Wassom-Brian-D) is attached as **Ex 3**. The information therein is true and accurate.  Among other things, it contains a list of law review articles and other publications that I have authored on intellectual property and other issues.

7.     I graduated second in my law school class at Case Western Reserve University School of Law ('99) with a 3.89 GPA.  I served for one year as a law clerk to the Hon. Alice M. Batchelder of the U.S. Court of Appeals for the Sixth Circuit, and joined the Detroit-based law firm Honigman Miller Schwartz and Cohn LLP in September 2000.  I became a Partner at Honigman in 2005.  In August 2016, I left Honigman to become a partner at Warner.  Within that timeframe, I have developed experience in the areas of copyright, trademark, publicity rights, media, and related litigation, some of which is summarized in my attached biography.

8.     My honors and awards include the following:

- *Best Lawyers in America*, Intellectual Property Litigation and Advertising Law (2011-Present)
- Named to *Michigan Super Lawyers*, 2013-Present
- Named as a *Michigan Super Lawyer* Rising Star, 2009, 2011 and 2012
- Named a Top Lawyer by *DBusiness*, 2013-16
- Recognized with the 2014-15 "Special Service Award" for work with Business Court, Macomb County Bar Association

- "Certificate of Appreciation" recognizing pro bono services, 2013, U.S. District Court for the Eastern District of Michigan

9.     Since January 2011, I have published a blog on the law of social and emerging media, which addresses IP and other related topics.  It is available at http://www.wassom.com and now at http://augmentedlegality.wnj.com/.

10.     Since 2009, I have also become increasingly in demand as a public speaker, especially on topics related to IP, social media, and the First Amendment. For example, I have taught CLE programs, and spoken on social and emerging media legal issues to audiences from Honolulu to Miami to Connecticut.  Most recently, I spoke at the Theodore Levin Courthouse on intellectual property issues for the Intellectual Property Section of the Federal Bar Association, E.D. Mich. Chapter, of which I am a co-chair.  A listing of my recent and upcoming public speaking events is attached at **Ex. 4.**

11.     Specific to the field of copyright, I am currently the Chair of the Copyright Law Committee for AIPLA, and was its Vice-Chair from 2017-2019. I was the first-chair litigator in a case that has been described as breaking new ground with respect to the copyrightability of digital images. *See Meshwerks v. Toyota Motor Sales USA, Inc.,* 2006 U.S. Dist. LEXIS 65641 (D. Utah 2006); *aff'd*, 528 F.3d 1258 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 1006 (2009); **Ex 5** (Crain's Detroit article recognizing *Meshwerks* as one of the "Top Verdicts and Settlements of 2006"); **Ex 6** (March 2009 excerpt from *The Colorado Lawyer* listing appellate

decision as one of the "Top Intellectual Property Cases of 2008"). Other successful copyright decisions in which I was a primary counsel include *Integrated Bar Coding Sys., Co. v. Wemert,* 2007 U.S. Dist. Lexis 9952 (E.D. Mich. Feb. 12, 2007) (copyright counsel) and *Swarm Interactive, Inc. v. Seaside Data Systems, Inc.,* No. 1:08-cv-880 (M.D.N.C. May 13, 2009) (first chair). For several years, I have also been the attorney in charge of litigating copyright infringement actions in Michigan for the American Society of Composers, Authors and Publishers (ASCAP). Before that, for a period of about two years, I was one of the Honigman attorneys who litigated many anti-piracy copyright cases in Michigan for DIRECTV.

12.     Several federal judges in the Eastern District of Michigan have previously granted my clients an award of my fees, and almost always in the full amount requested. *See, e.g., Chambers v. Ingram Book Co*., 2012 U.S. Dist. Lexis 37125 (E.D. Mich. Mar. 20, 2012) (Zatkoff, J.) (awarding full fees and costs) ("The case required a great deal of diverse legal skill, as it required command of federal copyright law and effective motion practice. Attorney[] Wassom . . . exhibited these skills."); *Controversy Music v. Packard Grill, LLC*, 2011 U.S. Dist. Lexis 9485, *13-14 (E.D. Mich. Feb. 1, 2011) (Borman, J.) (finding that "Mr. Wassom is a very experienced and reputable attorney"); *Gnat Booty Music v. Creative Catering of Wadhams, LLC*, 761 F. Supp.2d 604, 610 (E.D. Mich. 2011) (Cook, J.) (awarding full amount of costs and fees); *Controversy Music v. McClellan*, 2009 U.S. Dist.

LEXIS 84635 (E.D. Mich. Sept. 17, 2009) (Edmunds, J.) (awarding full amount);

*WB Music, Inc. v. Rasko's Bar, Inc*., No. 08-11930 (E.D. Mich. Sept. 12, 2008)

(Battani, J.) (awarding Mr. Wassom's "costs and attorneys' fees incurred prior to the

drafting and submission of the motion for default judgment [and] an additional

award . . . representing attorneys' fees incurred in the drafting and advocacy of

Plaintiffs' motion for default judgment"); *LGL Music v Blue Line, Inc.*, No. 05-

70326, 2005 U.S. Dist. Lexis 38938, *4 (E.D. Mich 2005) (O'Meara, J.) (awarding

"the full amount of [Mr. Wassom's] costs and attorneys' fees incurred in this case,

including costs and fees incurred subsequent to the filing of [his clients'] summary

judgment motion"). These decisions are collected at **Ex 7**.

13.    Michigan state court jurists have also granted awards of my fees,

saying, inter alia, the following:

> Mr. Wassom [has] extensive experience and 10 years with the Honigman law firm . . . . [He] has dealt with copyright law, trademark law, the right of publicity, patent litigation, general litigation. He was recognized by the Michigan Super Lawyers as . . . a rising star. He has a number of publications. Certainly he would also in my judgment, for a lawyer in the 10 to 14 [year] range, fall within the 90th percentile . . . .

*Detroit Free Press, Inc. v. City of Detroit*, No. 08-100214-CZ (Wayne Cir. Dec. 23,

2009) (Colombo, J.) (**Ex 8**); *see also State News v. Michigan State University*, No.

06-674-CZ (Ingham Cir. Aug. 12, 2009) (Draganchuk, J.) (**Ex 9** at 8) ("Mr. Wassom

. . . practices in an area that is very specialized, that calls for a unique set of skills

and knowledge in the area. And really can't be fairly compared to an attorney that

does not practice in this area of FOIA [law], particularly with regard to media outlets.”); *see also* **Ex 10** (May 2009 Crain's Detroit article including me in a list of "well-known local media attorneys").

14.    Scott Keller, partner at Warner Norcross + Judd LLP, also briefly worked on this matter.  Scott's hourly rate on this matter is $590 per hour.  I believe that this rate is fair and reasonable in light of his 30+ years of practicing intellectual property and litigation, specializing in trademarks, copyrights, domain names, and unfair competition.  Scott counsels clients across a variety of industries worldwide and screens, registers, licenses and protects trademarks and copyrights for companies of all sizes.  Scott is also a former chair of Warner's Intellectual Property Group.  A copy of Scott's current professional biography (which is available at http://www.wnj.com/Professionals/Attorneys/R-Scott-Keller) is attached as **Ex 11**. The information therein is true and accurate.

**The Work Done on This Case Merits a Full Award of Costs and Fees**

15.    Although Adlife voluntarily dismissed this action, the task of making Goodies' case against them nevertheless required an understanding of copyright law principles. Moreover, Scott and I's level of education and experience resulted in the case being handled more efficiently than would have been possible for less-experienced attorneys.

FURTHER DECLARANT SAYETH NOT.


Dated: December 4, 2019

_____
Brian D Wassom, Esq.


## CERTIFICATE OF SERVICE

I hereby state that on December 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.  All parties and counsel of record will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system.

By: */s/ Brian D. Wassom*
Brian D. Wassom