Mathew K. Higbee, Esq.
Michigan State Bar No. P37980
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile

*Attorney for Plaintiff,*

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO. INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODIES FACTORY, INC. d/b/a www.thegoodiesfactory.com; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 1:19-cv-00933<br><br>**RESPONSE TO DEFENDANTS MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

**INTRODUCTION**

Plaintiff, Adlife Marketing & Communications Co., Inc. ("Adlife" or "Plaintiff"), hereby responds to the Defendant's (The Goodies Factory, Inc or "Goodies Factory"), motion for attorneys fees. Defendant's motion for attorneys fees is surprising as Plaintiff's decision to not proceed against Defendant was not made because there was not a valid copyright claim, but rather because Defendant learned that Goodies Factory was not the type of company that it

wished to pursue due to information learned after filing. In fact, the iStock license to the image discovered after filing this suit was being used in a way NOT covered by the iStock license. In other words, Goodies Factory's use of the image was not covered by the license and Adlife had a valid claim against Goodies Factory and simply chose not to pursue it.

Furthermore, the attorneys for Goodies Factory have made numerous objectively false claims in their motion for attorneys fees which are material to their motion.

The issues to be discussed in this response are:

(1) Goodies Factory is not the prevailing party for purposes of 17 U.S.C. § 505 because Adlife had a valid copyright claim against Defendant, dismissed the case for reasons other than the merits, and because Defendant never made an appearance on the case. Only prevailing parties may be awarded attorney fees.

(2) Adlife's behavior was objectively reasonable and the Copyright statute would not provide for attorneys fees even *if* the iStock license covered the use, which it did not.

(3) Even if the Court were to award attorneys fees, Goodies Factories request for fees is unreasonably high due to the amount of work required to defend this case.

## Relevant Facts

1. Adlife is an advertising and marketing agency whose team of seasoned professionals has, for decades, provided elite branding services to its clientele.

With its innovative marketing campaigns and its production of high quality printed pieces such as retail circulars, signage, pamphlets and more, Adlife enables its clients to build a brand through compelling visual arrangements.

2. For decades, Adlife has created, artistically arranged and professionally produced a library of still images of food and other grocery items. Adlife's library now consists of approximately 30,000 photos. The photographs are high-resolution, artistically rendered with pleasing angles and selective lighting, color-corrected and color-separated, which makes them particularly valuable as, when used together, they provide color consistency.

3. For valuable consideration, Adlife has licensed the rights to reproduce, distribute and publicly display its copyrighted photographs, or derivative versions thereof, to other advertising agencies and retailers.

4. Adlife is the holder of all rights, title and interests in and to the photo at issue in this dispute: a photograph of delicious looking sugar cookies (the "Sugar Cookie Photograph"). A true and correct copy of the Sugar Cookie Photograph is attached as Exhibit A to the Complaint.

5. Adlife has registered the Sugar Cookie Photograph with the United States Copyright Office, and the registration has been accepted and registration certificate issued to Adlife under number VA 2-014-127.

6. On or about May 23, 2019, Adlife discovered that its Sugar Cookie Photograph was being used on Defendant's Website on a page selling sugar cookie cookie dough ("Infringing Commercial Webpage"). Attached as Exhibit B

to the Complaint is a true and correct copy of the Infringing Commercial Webpage featured on Defendant's Website showing Defendants' infringing use of Adlife's Sugar Cookie Photo.

7. Defendant also uploaded a copy of the Sugar Cookie Photograph to https://www.thegoodiesfactory.com/wp-content/uploads/2019/01/Sugar-Cookie.jpg ("Infringing Photograph in Website Media Library)". This page is publicly viewable and allows anyone with internet access to download the full Sugar Cookie Photograph. A true and correct copy of the Infringing Photograph in Website Media Library is attached as Exhibit C to the Complaint.

8. Adlife contacted, through counsel, the Goodies Factory to attempt to verify if Goodies Factory had used the image without a license and to obtain proper compensation for the use if it was unlicensed.

9. Goodies Factory was contacted on 5/29/2019 via mail to this effect.

10. Goodies Factory did not respond.

11. Goodies Factory was contacted on 6/6/2019 via email.

12. Goodies Factory did not respond.

13. Goodies Factory was contacted on 6/7/2019 via telephone.

14. Goodies Factory did not respond.

15. Goodies Factory was contacted on 6/10/2019 via telephone.

16. Goodies Factory did not respond.

17. Goodies Factory was contacted on 6/10/2019 via email.

18. Goodies Factory did not respond.

19. Goodies Factory was contacted on 6/12/2019 via telephone.

20. Goodies Factory did not respond.

21. Goodies Factory was contacted on 6/13/2019 via email.

22. Goodies Factory did not respond.

23. Goodies Factory was contacted on 6/14/2019 via telephone.

24. Goodies Factory did not respond.

25. Goodies Factory was contacted on 6/18/2019 via email.

26. Goodies Factory did not respond.

27. Goodies Factory was contacted on 6/20/2019 via telephone.

28. Goodies Factory did not respond.

29. Goodies Factory was contacted on 6/24/2019 via telephone.

30. Goodies Factory did not respond.

31. Goodies Factory was contacted on 6/25/2019 via email.

32. Goodies Factory did not respond.

33. Goodies Factory was contacted on 6/27/2019 via telephone.

34. Goodies Factory did not respond.

35. Goodies Factory was contacted on 7/1/2019 via telephone.

36. Goodies Factory did not respond.

37. Goodies Factory was contacted on 7/2/2019 via telephone.

38. Goodies Factory did not respond.

39. Goodies Factory was contacted on 7/3/2019 via telephone.

40. Goodies Factory did not respond.

41. Goodies Factory was contacted on 7/12/2019 via telephone.

42. Goodies Factory did not respond.

43. Goodies Factory was contacted on 7/15/2019 via telephone.

44. Goodies Factory did not respond.

45. Goodies Factory was contacted via email on 9/26/2019 stating that a lawsuit would be filed if there was no answer.

46. Goodies Factory did not respond.

47. Goodies Factory was contacted via email on 9/30/2019 stating that a lawsuit would be filed if there was no answer.

48. Goodies Factory did not respond.

49. As a final check, on October 17, 2019, counsel for Adlife verified with Andrea Sinik at Getty images (Getty Images owns a company called iStock) to verify that iStock had never licensed the image to Goodies Factory. Getty confirmed on this date that no license was issued to Goodies Factory. Because Defendant refused to engage, Plaintiff could not verify if a license existed under another web designer or individual's name. For reference, iStock is a company which licenses images and stock photos through its website, www.istockphoto.com/. In the past, iStock used to license certain Adlife images.

50. On November 5, 2019, Adlife filed suit against Goodies Factory for Copyright Infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

51. After filing, Goodies Factory finally engaged in conversation with

Adlife. Goodies Factory stated that they thought they had a license.

52. Counsel for Adlife stated that if they did in fact have a license, we would provide extensions to answer the initial complaint pending verification of the license.

53. Goodies Factory provided a limited license from iStock under a third party's name which had licensed the photo for certain types of uses. A true and correct copy of the iStock license terms is attached hereto as Exhibit A.

54. The iStock license provided did not cover the use by Goodies Factory as they posted the entire image online available for download. In other words, Goodies Factory's use of the image was NOT licensed.

55. Regardless, Adlife is not litigious for the sake of being litigious. Even though the use was not covered by the license purchased from iStock, Adlife believed that Goodies Factory, as a small business, had acted in good faith and was willing to forgive the unlicensed use in this case.

56. To forgive the single image used without a license, Adlife dismissed the case against Goodies Factory with prejudice.

57. Goodies Factory had never made an appearance prior to the case being dismissed.

58. Needless to say, Adlife's counsel was surprised to discover that Goodies Factory was filing for attorneys fees after the infringement had been forgiven. *See* Declaration of Mathew K. Higbee, attached hereto as Exhibit B.

## **Legal Standard**

**(1)   Copyright Law Only Allows For Discretionary Award of Attorneys Fees to the Prevailing under 17 U.S.C. § 505**

Copyright law only allows for attorney fees to be issued to the prevailing party under 17 U.S.C. § 505, which states "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  In other words, attorneys fees and costs are not automaticcally granted and they are only ever able to be granted to the "prevailing party."

In Copyright law, either the Plaintiff or the Defendant can be the prevailing party and is the party who was successful at the conclusion of all proceedings. "Prevailing party" is undoubtedly a term of art and discussion would be appropriate here.

Defendants' counsel makes a ridiculous argument that dismissing a case with prejudice makes the other party the prevailing party.  If his argument is to be believed, no Plaintiff could ever dismiss a copyright action with prejudice without having to pay Defendant's fees—a ludicrous legal position without support in law or logic.

Defendant relies on *Buckhannon Bd and Care Home, Inc v West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001) to argue that it has prevailed because the case was dismissed with prejudice.  Defendant relies on an argument that there must be a change in behavior coupled with a necessary judicial imprimatur that alters the legal relationship between the parties. Defendant grossly mischaracterizes the case.  The case is properly explained

below:

In Buckhannon, the issue was whether or not a party that "has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" is a prevailing party. The Court held in this case that a voluntary change in defendant's conduct alone is insufficient to be the prevailing pary. *See Buckhannon* at 600. In this case, the Plaintiffs operated care homes and was suing the state Department of Health and Human Resources challenging a policy which they claimed violated the Fair Housing Amendments Act. During the case, the State Legislature changed the law and the case was dismissed as moot on a motion from the Department.

In response, the care homes requested attorney's fees claiming they were the prevailing party as they obtained what they had wanted due to the change in the law and based on the fact that the Department had now changed its policies. The Supreme Court rejected this argument, holding that a voluntary change in behavior was not enough for Plaintiffs to be classified as the "prevailing party." The court reasoned that a change in behavior would have to include some sort of judicial imprimatur.  Imprimatur is a latin word meaning "let it be printed" and means that the court must make something more than a favorable judicial statement. *See Buckhannon* at Footnote 13.

The issue of whether a dismissal with prejudice can turn one party into a prevailing party is not the question here.  Rather the question is whether or not a

Rule 41(a)(1)(A)(i) dismissal with prejudice can create a prevailing party.

Under Rule 41(a)(1)(A)(i), there are many reasons that a case can be dismissed with prejudice that do not relate to the underlying merits of the case. In fact, a Plaintiff has the right to dismiss with prejudice under Rule 41 at any time prior to the Defendant answering for any reason whatsoever without judicial approval. *See* Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i). This lack of judicial approval means that there could be no judicial statement that affects the rights of the parties. Rather, a Rule 41(a)(1)(A)(i) dismissal is a non-judicial statement that affects the rights of the parties.

Furthermore, a party cannot prevail without making an appearance. It simply would be counter to the direct language of Rule 41 requiring a "prevailing party."

**(2) The Copyright Statute does not automatically award fees even to a prevailing party**

Plaintiff disagrees with the way that Defendant is applying the *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588 (6th Cir. 2008). Plaintiff believes that the law is well stated in *Bridgeport Music, Inc. v. Diamond Time, Ltd.*:

> The discretion to grant attorney fees in copyright infringement cases is to be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023,

127 L.Ed.2d 455 (1994). The Supreme Court squarely rejected what it called the "dual standard" under which prevailing plaintiffs recovered attorney fees as a matter of course but prevailing defendants were required to show the claims were frivolous or were brought in bad faith. *Id.* at 534, 114 S.Ct. 1023. At the other extreme, the Court also rejected the view that § 505 was intended to enact the "British Rule" of automatic recovery of attorney fees by the prevailing party. *Id.* Thus, the Court explained that " '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.' " *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

*Bridgeport Music, Inc v Diamond Time, Ltd*, 371 F3d 883, 893 (CA 6, 2004).

Plaintiff agrees with Defendant that the factors in *Fogerty v. Fantasy Inc.* would apply to this situation if there was a prevailing party. Nonexclusive factors from *Fogerty* include frivolousness, motivation, objective unreasonableness, and deterrence could guide the award of attorneys fees in the courts discretion under the *Bridgeport Music, Inc v Diamond Time* rule.

## Argument

**(1)  Goodies Factory is not the prevailing party for purposes of 17 U.S.C. § 505 because Adlife had a valid copyright claim against Defendant And Chose Not To Pursue it For Other Reasons**

As stated in the Facts, Defendant has now presented an iStock license to

Adlife. While Adlife has chosen not to pursue the case because of the license, Adlife actually did have a valid claim against Defendant because Defendant's use specifically violated and exceeded the scope of the iStock license. The iStock license section 3(c) "Standalone File Use" clearly says that files cannot be used "in any way that allows other to download, extract, redistribute content as a standalone file (meaning just the content file itself, separate from the project or end use)."

Goodies Factory has done just this when it uploaded the entire image to its server and made it publicly available for download. A true and correct screenshot of the page demonstrating the unlicensed "Standalone File Use" that allows download of the entire image is attached hereto as Exhibit C.

In other words, Defendant is not the prevailing party merely because the Plaintiff abandoned a valid claim that it would have easily won on Summary Judgment if it had chosen to proceed.

**(2)   Adlife's voluntarily dismissal of the case because it did not wish to pursue Defendant any longer does not make Goodies Factory the prevailing party**

Under *Buckhannon*, the Court must make a judicial action to change the party's legal relationship in order to allow a change in behavior to establish a prevailing party. In this case, Plaintiff voluntarily changed the legal relationship between the parties by dismissing the case with prejudice, thereby granting a form of limited release against the Defendant (although republication of said

image would undoubtedly accrue a new copyright claim). The change of legal relationship was not based on any form of judicial action or judicial imprimatur but rather was based entirely on an action taken unilaterally by Plaintiff. The type of dismissal taken was effective without judicial approval per Rule 41.

Adlife is in a similar positition to the Department of Health and Human Resources in the *Buckhannon* case. The Department changed its behavior due to a legislative change NOT because of the lawsuit or some judicial order. Adlife similarly changed its behavior and dismissed the case due to the fact that it believed Goodies Factory had acted in good faith despite exceeding the scope of its license and NOT because of the lawsuit or some judicial order.

This is not to say that a dismissal with prejudice in another situation, when ordered by the Court or stipulated by the parties, could not conceivably open the door to attorney's fees. That is simply not the case here. Furthermore, public policy clearly supports that a Plaintiff should be able to abandon a lawsuit based on a meritorious claim without being punished for doing so. Otherwise, Plaintiffs would be discouraged from closing out cases that they do not wish to pursue for fear of paying attorneys fees of opposing parties like in the present case.

**(3)   Goodies Factory could not prevail because Goodies Factory never made an appearance on the case.**

Plain and simple, Goodies Factory never made an appearance on this case. How can a party prevail who never shows up for the lawsuit and never

makes a legal argument? It is convenient for Defendant to make an effort to obtain attorneys fees now, but Defendant never presented any legal opinion before the case was dismissed. In short, Defendants' counsel claims that his client had a "rock-solid defense" is simply not true. If Plaintiff did not decide to dismiss the case to forgive the infringement, Adlife would undoubtedly have won the case on summary judgment because Goodies Factory had exceeded the scope of its license by allowing the full image for download on the web.

**(4)   Adlife's behavior was objectively reasonable and the Copyright statute would not provide for attorneys fees even *if* Adlife was not the prevailing party and even if the iStock license was broad enough to cover the use**

*Fogerty* and *Bridgeport Music, Inc v Diamond Time* should guide any determination to grant fees to defendant and how much only if Defendant is the prevailing party, which Defendant is not. Regardless under the nonexclusive factors, an award of attorney fees would be unreasonable. Adlife attempted to resolve this matter in preligitation by contacting Goodies Factory approximately 20 times. A verification was also completed with Getty and iStock to see if a license existed. Adlife had a good claim for copyright infringement despite the limited iStock license and simply chose not to pursue the claim.

Clearly Adlife acted reasonably by deciding to drop a case that it could have pursued and by forgiving the infringement. Rather, it is Defendant who not only wants to get the benefit of having the legal claim disappear based on good

faith but now wants to pursue legal fees as a way to punish Plaintiff for protecting its copyrights.

There is no benefit of deterrence by granting fees. The only actions that have been unreasonable in this case were the post-dismissal actions of Defendant. It would be against public policy to award fees to Defendant for voluntarily dismissing a valid claim as this would discourage Plaintiffs from protecting their valid copyrights in the future, in effect undermining the purpose of the Copyright Act.

**(5)  Even if the Court were to award attorneys fees, Goodies Factories request for fees is unreasonably high due to the amount of work required to defend this case.**

Goodies factory did not have to do any work other than send a license to Plaintiffs counsel. Defendant's counsel claims that he spent approximately 5 hours defending this case. Considering that he only had to ask his client for a license and send that to Plaintiff's counsel's office, we believe that his time spent is vastly inflated and unreasonable. This is a cash grab pure and simple.

**(6)  Defence Counsel Brian Wassom is Demonstrating Questionable Ethics**

Defence counsel Brian Wassom appears to be attempting to mislead the court by failing to disclose the terms of the license in his motion for attorneys fees. He claims that the iStock license covers the use in question even though it clearly does not.

Furthermore, Brian Wassom failed to disclose the fact that Plaintiff had contacted his client numerous times prior to filing and that his client had refused to engage over many months. Rather he states that Plaintiff never attempted to verify the license, which is patently untrue. Plaintiff believes this type of purposeful omission is an ethical breach of Brian Wassom's duty as an attorney before this court.

Brian Wassom has already been contacted with a Rule 11 letter regarding several false and material statements that have been made in his motion for attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- A finding that Defendant is not the prevailing party,
- A finding that no attorneys fees or costs are owed to either party, and
- For any other relief the Court deems just and proper.

Dated: December 18, 2019                                Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Michigan State Bar No. P37980
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*
