# Exhibit 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ADLIFE MARKETING &
COMMUNICATIONS CO. INC.,

                          Case No. 1:19-cv-933

        Plaintiff,

v.                            Hon. Paul L. Maloney

THE GOODIES FACTORY, INC.     Magistrate Judge Ray Kent
d/b/a www.thegoodiesfactory.com; and
DOES 1 through 10 inclusive,

        Defendants.

---

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

This Reply does not unnecessarily revisit the narrow legal question at issue, which Defendant Goodies believes it adequately addressed in its principal motion papers. As stated therein, Goodies believes that Plaintiff AdLife jumped the gun by filing this lawsuit without sufficient due diligence, and that Goodies is therefore entitled under the Copyright Act to a modest award of fees. AdLife disagrees. That is a run-of-the-mill legal issue for this Court to decide.

In its Response, however, Plaintiff AdLife and its attorneys, Higbee & Associates, regrettably exceeded the bounds of that legal debate to make false personal accusations against the undersigned. This Reply is primarily intended to rebut those statements. The fact that the accusations can be so easily demonstrated

as false not only suggests that they violate this Court's Standards for Civility in Professional Conduct, but also calls into further question the merits of the underlying lawsuit and strengthens the case for an award of fees to Goodies.

Specifically, AdLife says:

1.     That the undersigned is "attempting to mislead the court by failing to disclose the terms of the license in his motion for attorneys fees. He claims that the iStock license covers the use in question even though it clearly does not." In reality, nowhere in Goodies' Brief did the undersigned make any representations about the precise terms of the license, of which the undersigned is not certain he even has a complete copy. Goodies attached what it did have as Exhibit A to its Brief.

What the undersigned *does* have and did *not* attach to its original Brief, however, is a copy of an email received by Goodies from iStock, the licensing company with which the Higbee firm claims to have "verified" Goodies' lack of a license. That email reveals not only that the license was "easy" for iStock to find, but that the Higbee firm's practice of filing lawsuits like this one is an ongoing source of embarrassment for which the iStock representative apologized and even compared to extortion:

> Thank you very much for the information you send me, <u>I was easily able to locate your license for this image.</u>
>
> <u>This situation with Adlife and their legal team Higbee & Associates has unfortunately been something we and many of our customers have become painfully aware of as it has played out</u>. A cursory search online

will give you more detail that I can provide, but <u>it is an irritating and litigious situation that we and our customers have had to deal with on a case by case basis.</u> ***Please note that you may receive another claim in the future*** - please reach out to us if you do, it is our pleasure to help with these situations.

Our hope is that every single customer that receives a similar claim reaches out to us to help prove they have licensed the content. <u>Sadly, some customers feel it is more expeditious to offer a settlement amount instead of doing a bit of groundwork to deal with the situation. To us it feels very much like our customers are being extorted.</u>

Because this claim has gone to Adlife's legal team at Higbee & Associates, <u>I have asked our claims team to reach out directly to Higbee & Associates to have this claim closed.</u> I have asked our claims team to let you know when this claim has been resolved and closed (this is a straightforward process now that we have confirmed the licensing). Once our legal team hears back from Higbee & Associates, they will let you know that this claim has been closed. You should be hearing from our claims team in the next week or so.

Please note that our licenses are perpetual, so if you license a file and it is removed from our site by the artist or contributor, this does not affect the license you have for this file at all (it's just for legal reasons we are not able to allow anyone to download or re-download the file from our site once it has been deactivated). Like any art gallery, we are constantly adding content to our site (about 200,000 files per week, on average) and sometimes a file or files are removed by the contributor. <u>You (or your client) do NOT need to remove this image or cease using it - your license to use content from iStock is perpetual, regardless of if the content is removed from our site.</u>

**Ex B** (underlining added, other emphasis original). These statements speak for themselves. Whatever the precise terms of Goodies' license were, they were evidently sufficient to convince iStock to demand that Higbee drop the lawsuit—which it immediately did.

This email from iStock also calls into serious doubt AdLife's vague explanation that it dropped the lawsuit, "not... because there was not a valid copyright claim, but because Defendant [sic] learned that Goodies Factory was not the type of company that it wished to pursue due to information learned after the filing." Response at PgID 167-168. This non-explanation is called into even further doubt by the Higbee firm's ominous warning on December 20, 2019 to the undersigned to "Let your client know we are just warming up.  Wait till they see the next complaint." **Ex C**.

2.     That the undersigned "failed to disclose the fact that Plaintiff had contacted his client numerous times prior to filing and that his client had refused to engage over many months." Not so. In reality, Goodies directly disclosed on page 6 of its Brief that "Adlife did send Goodies pre-suit correspondence," but argued that "Goodies is in the business of making cookies, not parsing copyright law; it believed in good faith that the request was part of a scam, and did not respond. This should not prevent Goodies from an attorneys' fees award, as it is not Goodies' duty to perform Adlife's due diligence."[1] *Id*. Therefore, AdLife's accusation of what the undersigned "failed to disclose" is belied merely by reading what the undersigned actually wrote.

---

[1] The fact that AdLife claims to have sent over 20 letters to Goodies about this one cookie photo frankly validates Goodies' impression that the letters were mere spam.

3.      That the undersigned asserted "Plaintiff never attempted to verify the license, which is patently untrue." This, too, is false. To be sure, the undersigned repeatedly argued that AdLife did not verify the existence of Goodies' license. The fact that iStock "easily" found a license makes that argument demonstrably true. Goodies did not, however, make representations about AdLife's subjective "attempt" to verify.[2] The undersigned does not have, and never claimed to have, first-hand information about what AdLife *tried* to do. In light of iStock's comment that it "easily" found the license and its apologies for the Higbee firm having filed suit without "doing a bit of groundwork," however, the undersigned is on more than solid footing in arguing that whatever attempts the Higbee firm *claims* to have undertaken were insufficient.

4.      That the undersigned "has already been contacted with a Rule 11 letter regarding ...[the] statements that have been made in his motion for attorneys' fees." That much is true, and the letter pertained to the same accusations addressed in this Reply. The Higbee firm's correspondence in this regard, and the undersigned's response, are attached as Exhibit C. The fact that AdLife tosses out this *bon mot* without actually having followed through with the threatened Rule 11 motion, however, says all that needs to be said about the merits of that accusation.

---

[2] AdLife made this accusation to the undersigned by email as well. The undersigned replied by explaining this distinction between "verify" and "attempt to verify." AdLife chose to include this argument in its Response anyway. Ex C.

In conclusion, Goodies reiterates its request that the Court grant its motion for attorneys' fees. Goodies also suggests to that Court that the personal accusations leveled against the undersigned within AdLife's Response to this motion do not conform with this Court's Standards for Civility in Professional Conduct.

Respectfully submitted,

Dated: December 20, 2019                WARNER NORCROSS + JUDD LLP

By: */s/Brian D. Wassom*_____
    Brian D. Wassom (P60381)
    *Attorney for Defendant*
    45000 River Ridge Drive, Suite 300
    Clinton Township, Michigan 48038
    (248) 784-5199
    bwassom@wnj.com

# Exhibit B

**Wassom, Brian**

| | |
|---|---|
| **From:** | Rick Wiersma <rick@thegoodiesfactory.com> |
| **Sent:** | Monday, November 25, 2019 6:23 AM |
| **To:** | Wassom, Brian |
| **Subject:** | [Forged Sender] Fwd: File ID 179052534 - AdLife Claim |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

---------- Forwarded message ---------
From: **iStock Customer Service** <service.is@istock.com>
Date: Tue, Nov 19, 2019 at 3:44 PM
Subject: Fwd: File ID 179052534 - AdLife Claim
To: rick@thegoodiesfactory.com <rick@thegoodiesfactory.com>

Hi again Rick,

Thank you very much for the information you send me, I was easily able to locate your license for this image.

This situation with Adlife and their legal team Higbee & Associates has unfortunately been something we and many of our customers have become painfully aware of as it has played out. A cursory search online will give you more detail that I can provide, but it is an irritating and litigious situation that we and our customers have had to deal with on a case by case basis. *Please note that you may receive another claim in the future* - please reach out to us if you do, it is our pleasure to help with these situations.

Our hope is that every single customer that receives a similar claim reaches out to us to help prove they have licensed the content. Sadly, some customers feel it is more expeditious to offer a settlement amount instead of doing a bit of groundwork to deal with the situation. To us it feels very much like our customers are being extorted.

Because this claim has gone to Adlife's legal team at Higbee & Associates, I have asked our claims team to reach out directly to Higbee & Associates to have this claim closed. I have asked our claims team to let you know when this claim has been resolved and closed (this is a straightforward process now that we have confirmed the licensing). Once our legal team hears back from Higbee & Associates, they will let you know that this claim has been closed. You should be hearing from our claims team in the next week or so.

Please note that our licenses are perpetual, so if you license a file and it is removed from our site by the artist or contributor, this does not affect the license you have for this file at all (it's just for legal reasons we are not able to allow anyone to download or re-download the file from our site once it has been deactivated). Like any art gallery, we are constantly adding content to our site (about 200,000 files per week, on average) and sometimes a file or files are removed by the contributor. You (or your client) do **NOT** need to remove this image or cease using it - your license to use content from iStock is perpetual, regardless of if the content is removed from our site.

1

I am very glad I could help you out with this claim.

Please let me know if you need anything else - if you have a moment, please leave feedback for me at the link below (your feedback goes directly to my manager). And thanks very much for using iStock :-)

Cheers,
Curt


**Curt** | Senior Customer Service Associate
1 866 478 6251

gettyimages® | iStock™

**How was the service that I provided today? Please provide [feedback](#).**



ref:_00D416f87._5004MafOm1:ref


--

The Goodies Factory, Inc.

1038 South Washington

Holland, MI  49423

Rick Wiersma

President

Phone: 616-395-3663

Fax: 616-355-0619

E-mail: [rick@thegoodiesfactory.com](mailto:rick@thegoodiesfactory.com)

# Exhibit C

**Wassom, Brian**

| | |
|---|---|
| **From:** | Mathew Higbee <mathewhigbee@higbeeassociates.com> |
| **Sent:** | Friday, December 20, 2019 11:43 AM |
| **To:** | Wassom, Brian |
| **Cc:** | Kelton Johnson; Keller, Scott; Crysler, Katelyn |
| **Subject:** | Re: AdLIfe v The Goodies Factory, Inc., Case No. 19-933 (WD Mich) |

That is hilarious.  Do you think we did not read your motion?   Let your client know we are just warming up.  Wait till they see the next complaint.

Sent from my iPhone

> On Dec 20, 2019, at 8:34 AM, Wassom, Brian <bwassom@wnj.com> wrote:
>
> Kelton,
>
> I'm disappointed that you chose to make this personal in your response brief.
>
> Do you consent to use filing a reply brief?
>
> Brian
>
> > **From:** Kelton Johnson <kjohnson@higbeeassociates.com>
> > **Sent:** Wednesday, December 04, 2019 7:11 PM
> > **To:** Wassom, Brian <bwassom@wnj.com>
> > **Cc:** Keller, Scott <SKeller@wnj.com>; Mathew Higbee <mathewhigbee@higbeeassociates.com>; Crysler, Katelyn <KCrysler@wnj.com>
> > **Subject:** Re: AdLIfe v The Goodies Factory, Inc., Case No. 19-933 (WD Mich)
> >
> > Hello Brian:
> >
> > We are not embarrassed in the least— nor is Adlife.   Adlife checked its records, inquired with Getty/iStock, and sent multiple letters to your client asking if your client had a license and, if so, where they obtained it.   Your client was unresponsive.   Adlife only litigated when it had a very reasonable basis to believe that its property was used without a license.  As soon as a license was verified, it promptly voluntarily dismissed.
> >
> > Sincerely,
> >
> > Kelton
> >
> > On Dec 4, 2019, at 3:08 PM, Wassom, Brian <bwassom@wnj.com> wrote:
> >
> >
> > > Kelton,

1

Bring it on.

What I said was accurate: we had a license, and you failed to verify that fact. I did not say that you failed to *try* to verify it. In fact, I address in my motion the fact that you sent my client letters. Mathew's email below says that did a "license check" with iStock, but that is not evidence, nor am I required to take it at face value—especially when I have in hand an email directly from iStock saying the license was "easy to find" and alluding to the fact that your firm often runs into problems like this. (I'm disappointed that this email was unintentionally omitted from the brief, but it will certainly be attached to the reply. I have cut and pasted it below in order to remove attorney-client communications.)

I simply don't see why you don't just pay our fees and avoid further public embarrassment.

Respectfully,

Brian

---------- Forwarded message ---------
From: **iStock Customer Service** <service.is@istock.com>
Date: Tue, Nov 19, 2019 at 3:44 PM
Subject: Fwd: File ID 179052534 - AdLife Claim
To: rick@thegoodiesfactory.com <rick@thegoodiesfactory.com>

Hi again Rick,

Thank you very much for the information you send me, I was easily able to locate your license for this image.

This situation with Adlife and their legal team Higbee & Associates has unfortunately been something we and many of our customers have become painfully aware of as it has played out. A cursory search online will give you more detail that I can provide, but it is an irritating and litigious situation that we and our customers have had to deal with on a case by case basis. ***Please note that you may receive another claim in the future*** - please reach out to us if you do, it is our pleasure to help with these situations.

Our hope is that every single customer that receives a similar claim reaches out to us to help prove they have licensed the content. Sadly, some customers feel it is more expeditious to offer a settlement amount instead of doing a bit of groundwork to deal with the situation. To us it feels very much like our customers are being extorted.

Because this claim has gone to Adlife's legal team at Higbee & Associates, I have asked our claims team to reach out directly to Higbee & Associates to have this claim closed. I have asked our claims team to let you know when this claim has been resolved and closed (this is a straightforward process now that we have confirmed the licensing). Once our legal team hears back from Higbee &

2

Associates, they will let you know that this claim has been closed. You should be hearing from our claims team in the next week or so.

Please note that our licenses are perpetual, so if you license a file and it is removed from our site by the artist or contributor, this does not affect the license you have for this file at all (it's just for legal reasons we are not able to allow anyone to download or re-download the file from our site once it has been deactivated). Like any art gallery, we are constantly adding content to our site (about 200,000 files per week, on average) and sometimes a file or files are removed by the contributor. You (or your client) do **NOT** need to remove this image or cease using it - your license to use content from iStock is perpetual, regardless of if the content is removed from our site.

I am very glad I could help you out with this claim.

Please let me know if you need anything else - if you have a moment, please leave feedback for me at the link below (your feedback goes directly to my manager). And thanks very much for using iStock :-)

Cheers,
Curt


**Curt** | Senior Customer Service Associate
1 866 478 6251

gettyimages® | iStock™

**How was the service that I provided today? Please provide feedback.**


ref:_00D416f87._5004MafOm1:ref

**From:** Kelton Johnson <kjohnson@higbeeassociates.com>
**Sent:** Wednesday, December 04, 2019 4:53 PM
**To:** Wassom, Brian <bwassom@wnj.com>
**Cc:** Keller, Scott <SKeller@wnj.com>; Mathew Higbee <mathewhigbee@higbeeassociates.com>
**Subject:** Re: AdLIfe v The Goodies Factory, Inc., Case No. 19-933 (WD Mich)

Hello Brian:

We see that you filed a motion for attorneys fees and stated in your motion that "Before filing suit against Goodies, Adlife neglected to verify whether Goodies had a license over the Sugar Cookie Photograph."

You and we both know that this is a false statement.  You were also on notice that this statement was not true from the prior email that Mathew Higbee sent to you on November 22, 2019 (which is in this email thread).  You should also have been on notice of this from the numerous requests sent to your client to verify the license prior to filing the case.

Are you going to amend your latest motion to set the record straight? We don't like to over-litigate cases that are already resolved, but we simply don't see why we shouldn't pursue Rule 11.

If you do not plan to amend to set the record straight, can you please explain to us why Rule 11 wouldn't cover the above quoted statement?

We await your response.  We also will be opposing your motion for fees and making sure that all the facts are explained to the court correctly.

Sincerely,

Kelton Johnson
Associate Attorney
Copyright Division
Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Direct: (714) 617-8331
Phone: (800) 716-1245
Fax: (714) 597-6559

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message.

On Nov 22, 2019, at 9:25 AM, Mathew Higbee <mathewhigbee@higbeeassociates.com> wrote:

> No.   Nor does Plaintiff believe that a court would exercise its discretion to award fees.   Plaintiff's actions were very reasonable in this case.  Plaintiff made repeated attempts to resolve the matter outside of court by asking Defendant to provide a license or some explanation of how the image was properly obtained.  Defendant did not provide any response.  Plaintiff also acted reasonably by do license checks with the licensor of the image prior to commencing litigation.  Plaintiff's conduct in litigation was likewise reasonable, as it granted Defendant and extension of the deadline

to answer and then Plaintiff promptly withdrew the claim when a
license as verified.

On Nov 22, 2019, at 8:03 AM, Wassom, Brian
<bwassom@wnj.com> wrote:

Thanks, Kelton. Will you consent in a motion to award
our client its costs and fees?

**From:** Kelton Johnson
<kjohnson@higbeeassociates.com>
**Sent:** Wednesday, November 20, 2019 5:09 PM
**To:** Wassom, Brian <bwassom@wnj.com>
**Cc:** Mathew Higbee
<mathewhigbee@higbeeassociates.com>; Keller, Scott
<SKeller@wnj.com>
**Subject:** Re: AdLIfe v The Goodies Factory, Inc., Case No.
19-933 (WD Mich)

Hello Brian:

Thank you for sending the draft motion for
approval.  However, we just filed a Rule 41
dismissal today.  We expect the case to be closed by
the court within a couple days.

Thank you,

Kelton Johnson
Associate Attorney
Copyright Division
Law Firm of Higbee &
Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana,
CA 92705
Direct: (714) 617-8331
Phone: (800) 716-1245
Fax: (714) 597-6559

This electronic mail message and
any attachment is confidential and may
also contain privileged attorney-client
information or work product. If you are not the
intended recipient, or the person responsible to
deliver it to the intended recipient, you may not
use, disseminate, distribute or copy
this communication.  If you have received
the message in error, please immediately

5

notify us by reply electronic mail or by
telephone and delete this original message.


On Nov 19, 2019, at 1:34 PM, Wassom, Brian
<bwassom@wnj.com> wrote:


Kelton,

I'm told my client found their license
and is addressing it through iStock's
legal team. You may be hearing from
them.

In the meantime I attach a draft motion
for your approval.

Brian

---

**From:** Kelton Johnson
<kjohnson@higbeeassociates.com>
**Sent:** Thursday, November 14, 2019
6:40 PM
**To:** Wassom, Brian
<bwassom@wnj.com>
**Cc:** Mathew Higbee
<mathewhigbee@higbeeassociates.co
m>; Keller, Scott <SKeller@wnj.com>
**Subject:** Re: AdLIfe v The Goodies
Factory, Inc., Case No. 19-933 (WD
Mich)

Hello Brian:

You're welcome.  Can your office
prepare the motion for the
extension?

Sincerely,

-Kelton

Kelton Johnson
Associate Attorney
Copyright Division
Law Firm of Higbee &
Associates  (http://www.higbeeas

sociates.com)
1504 Brookhollow Dr., Suite
112, Santa Ana, CA 92705
Direct: (714) 617-8331
Phone: (800) 716-1245
Fax: (714) 597-6559

On Nov 14, 2019, at 5:54 AM,
Wassom, Brian
<bwassom@wnj.com> wrote:

Thank you.

**From:** Mathew Higbee
<mathewhigbee@higbee
eassociates.com>
**Sent:** Wednesday,
November 13, 2019
5:48 PM
**To:** Wassom, Brian
<bwassom@wnj.com>
**Cc:** Kelton Johnson
<kjohnson@higbeeasso
ciates.com>; Keller,
Scott
<SKeller@wnj.com>
**Subject:** Re: AdLIfe v
The Goodies Factory,
Inc., Case No. 19-933
(WD Mich)

Yes, we will agree to
30 days to enable you
to search for a
license.

-Mat
Mathew Higbee